It is my opinion that the mortgage involved in this case, within the contemplation of Act No. 178 of 1936 and of the general laws of the state, was executed in Rapides Parish where recorded. The act *Page 845 
of mortgage was signed by the mortgagor and two attesting witnesses in that parish. As between mortgagor and mortgagee the instrument was completed then and there. The mortgagee's signature was not necessary to give validity to the instrument. Registry is required only to affect third persons.
Suppose the instrument had been acknowledged by one of the attesting witnesses in the Parish of Orleans or Calcasieu, could it be said that its execution was effectuated there? I do not think so. Yet, under the majority holding if so acknowledged the act or a copy thereof would have had to be recorded in one or the other of said parishes in order to provide notice to third persons. I do not think it was the intention of the law maker to create such an arbitrary requirement.
The fact that the instrument was acknowledged in Ouachita Parish, the domicile of third opponent, is of no influence in determining the issue. That was a mere coincidence.